## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHN IBARRA,

        Plaintiff,

    v.

CITY OF CHICAGO, a municipal
corporation, OFFICER MICHAEL
HILLMAN (STAR #4216), SERGEANT
DANIEL MCDONALD (STAR #1234),
SERGEANT SHAWN JOYCE (STAR
#1993), SERGEANT BARBARA SYDEL
(STAR #12148), OFFICER KENNETH
WEBB (STAR #20850), SERGEANT MIKE
MCLAUGHLIN (STAR #2537), OFFICER
STEVE RUZAS, OFFICER JASON
BRANDSTETTER, OFFICER JOHN
MCCARTHY, OFFICER PETE KELLY,
OFFICER MIKE KEEHAN, JOHN and
JANE DOE Officers and Supervisors, in
their individual capacity, and MATTHEW
PRITZKER,

        Defendants.

Case No.:  10 CV 4450

Honorable Ruben Castillo

Magistrate Judge Martin C. Ashman

Plaintiff Demands Trial By Jury

### SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, JOHN IBARRA, by and through his undersigned

attorneys, and complaining against Defendants, CITY OF CHICAGO, a municipal

corporation, OFFICER MICHAEL HILLMAN (STAR #4216), SERGEANT DANIEL

MCDONALD (STAR #1234), SERGEANT SHAWN JOYCE (STAR #1993), SERGEANT

BARBARA SYDEL (STAR #12148), OFFICER KENNETH WEBB (STAR #20850),

SERGEANT MIKE MCLAUGHLIN (STAR #2537), OFFICER STEVE RUZAS, OFFICER

JASON BRANDSTETTER, OFFICER JOHN MCCARTHY, OFFICER PETE KELLY, OFFICER MIKE KEEHAN, JOHN and JANE DOE Officers and Supervisors, in their individual capacity, and MATTHEW PRITZKER, and states:

## Introduction

1.     This is an action brought by Plaintiff John Ibarra as a result of the conduct of Defendant CITY OF CHICAGO and its police officers, including OFFICER MICHAEL HILLMAN (STAR #4216), SERGEANT DANIEL MCDONALD (STAR #1234), SERGEANT SHAWN JOYCE (STAR #1993), SERGEANT BARBARA SYDEL (STAR #12148), OFFICER KENNETH WEBB (STAR #20850), SERGEANT MIKE MCLAUGHLIN (STAR #2537), OFFICER STEVE RUZAS, OFFICER JASON BRANDSTETTER, OFFICER JOHN MCCARTHY, OFFICER PETE KELLY, OFFICER MIKE KEEHAN, JOHN and JANE DOE Officers and Supervisors, and Defendant MATTHEW PRITZKER.

2.     Defendants OFFICER MICHAEL HILLMAN (STAR #4216), SERGEANT DANIEL MCDONALD (STAR #1234), SERGEANT SHAWN JOYCE (STAR #1993), SERGEANT BARBARA SYDEL (STAR #12148), OFFICER KENNETH WEBB (STAR #20850), SERGEANT MIKE MCLAUGHLIN (STAR #2537), OFFICER STEVE RUZAS, OFFICER JASON BRANDSTETTER, OFFICER JOHN MCCARTHY, OFFICER PETE KELLY, OFFICER MIKE KEEHAN, JOHN and JANE DOE Officers and Supervisors, in their individual capacity, along with other members of the Chicago Police Department, engaged in a cover-up to protect Defendant MATTHEW PRITZKER, a highly political

2

and influential individual, from criminal and civil prosecution, and further violated Plaintiff's civil and constitutional rights by suppressing evidence and attempting to intimidate witnesses to change their statements.

3.     Plaintiff seeks redress for violations of his right to be free from false arrest and unlawful detention in violation of 42 U.S.C. § 1983 (Count I); First Amendment retaliation in violation of 42 U.S.C. § 1983 (Count II); conspiracy to violate his constitutional rights in violation of 42 U.S.C. § 1983 and § 1985 (Count III); false arrest and false imprisonment in violation of Illinois law (Count IV); assault and battery (Count V); intentional infliction of emotional distress (Count VI); in the alternative, negligence (Count VII); willful and wanton (Count VIII); and indemnification (Count IX). Plaintiff seeks monetary and declaratory relief.

## Jurisdiction and Venue

4.     Jurisdiction of this Court is provided by 28 U.S.C. § 1331 and § 1343.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

## The Parties

6.     Plaintiff John Ibarra ("Ibarra") is a citizen of the state of Illinois and is a resident of this Judicial District.

7.     Plaintiff has no known political affiliation and does not have any clout in

the City of Chicago.

8.    Defendant City of Chicago ("City") is a municipality incorporated under the laws of the State of Illinois.

9.    Defendant Officer Michael Hillman (STAR #4216) is an employee of the City of Chicago through the Chicago Police Department.

10.   Defendant Hillman (STAR #4216) was acting under color of law at all times relevant hereto.

11.   Defendant Officer Daniel McDonald (STAR #1234) is an employee of the City of Chicago through the Chicago Police Department.

12.   Defendant McDonald (STAR #1234) was acting under color of law at all times relevant hereto.

13.   Defendant Sergeant Michael McLaughlin (STAR # 2537) is an employee of the City of Chicago through the Chicago Police Department.

14.   Defendant McLaughlin was acting under color of law at all times relevant hereto.

15.   Defendant Officer Kenneth Webb (STAR # 20850) is an employee of the City of Chicago through the Chicago Police Department.

16.   Defendant Webb was acting under color of law at all times relevant hereto.

17.   Defendant Officer Steve Ruzas is an employee of the City of Chicago through the Chicago Police Department.

18.     Defendant Ruzas was acting under color of law at all times relevant hereto.

19.     Defendant Officer Mike Keehan is an employee of the City of Chicago through the Chicago Police Department.

20.     Defendant Keehan was acting under color of law at all times relevant hereto.

21.     Defendant Officer Jason Brandstetter is an employee of the City of Chicago through the Chicago Police Department.

22.     Defendant Brandstetter was acting under color of law at all times relevant hereto.

23.     Defendant Officer Pete Kelly is an employee of the City of Chicago through the Chicago Police Department.

24.     Defendant Kelly was acting under color of law at all times relevant hereto.

25.     Defendant Officer John McCarthy is an employee of the City of Chicago through the Chicago Police Department.

26.     Defendant McCarthy was acting under color of law at all times relevant hereto.

27.     Defendant Sergeant Joyce (STAR #1993) is an employee of the City of Chicago through the Chicago Police Department.

28.     Defendant Sergeant Joyce (STAR #1993) was acting under color of law at all times relevant hereto.

29.     Defendant Sergeant Barbara Sydel (STAR #12148) is an employee of the City of Chicago through the Chicago Police Department.

30.     Defendant Sydel (STAR #12148) was acting under color of law at all times relevant hereto.

31.     Defendants John and Jane Doe Officers and Supervisors are employees of the City of Chicago through the Chicago Police Department.

32.     Defendants John and Jane Doe Officers and Supervisors were acting under color of law at all times relevant hereto.

33.     Defendants City of Chicago, Hillman (Star #4216), McDonald (Star #1234), Joyce (Star #1993), Sydel (Star #12148), McLaughlin (Star #2537), Webb (Star #20850), Suzas, Keehan, Brandstetter, Kelly, McCarthy, and John and Jane Doe Officers and Supervisors are collectively referred to herein as "Chicago Police Defendants."

34.     Defendant Matthew Pritzker is a citizen of the state of Illinois and is a resident of this Judicial District.

35.     Defendant Pritzker is heir to the Hyatt dynasty and has known political affiliation through his family with the Democratic Party, Mayor Daley, and President Obama. The Pritzker family is very influential in the city of Chicago, with numerous locations bearing the Pritzker family name.

### Facts Upon Which Claims Are Based

36.     On July 16, 2009, Plaintiff Ibarra was riding his bicycle home from work.

37.     In or around the area of North Avenue and Sedgwick in Chicago, Illinois,

Defendant Pritzker was driving an SUV with a vanity plate of "P."

38.     Defendant Pritzker was speeding and driving erratically and came very close to hitting Plaintiff on his bicycle.

39.     Plaintiff tapped the door of Defendant Pritzker's SUV to alert him that he was driving too close to him and his bicycle.

40.     Defendant Pritzker then began to hit Plaintiff Ibarra while on his bicycle with his (Pritzker's) vehicle and squeezing Plaintiff up against the curb.

41.     It was at that point that Defendant Pritzker started moving his SUV vehicle even closer to Plaintiff while he was on his bicycle and was trying to force Plaintiff off of the road.

42.     In self defense and to alert the driver (Pritzker) that he was dangerously close, Plaintiff hit the SUV with his bicycle lock.

43.     Defendant Pritzker then attempted to run over Plaintiff Ibarra with his SUV, hitting his bicycle with the grill of his SUV. As Pritzker hit the back wheel of Plaintiff's bicycle with his SUV, it spun Plaintiff's bicycle.

44.     The bicycle was forced under Defendant Pritzker's SUV.

45.     Plaintiff was flung to the driver's side of Defendant Pritzker's SUV as the bicycle was thrown under the SUV.

46.     Defendant Pritzker drove off while dragging Plaintiff's bicycle under his SUV, speeding at approximately 40-50 miles per hour.

47.     Defendant Pritzker was swerving on the road; the bicycle dislodged from

7

the SUV popping a tire on the SUV.

48.     Defendant Pritzker continued to flee the scene, speeding with a flat tire.

49.     Plaintiff and other witnesses called 911.

50.     An African American Chicago Police Officer, name unknown, arrived at the scene. He told Plaintiff that he was going to charge the driver (unknown at the time to be Defendant Pritzker) with attempted murder.

51.     One witness followed Defendant Pritzker and told him to go back to the scene.

52.     Defendant Pritzker was on his cellular phone and ignored the citizen's request.

53.     Defendant Pritzker continued to flee the scene.

54.     The citizen searched the area for Defendant Pritzker and his SUV. When he found Pritzker, he called 911 and waited for the police to arrive so that Defendant Pritzker could not further flee the incident.

55.     In exercising his political clout, Defendant Pritzker contacted certain Chicago Police Officers, including Defendants Brandstetter and Kelly, for protection and assistance.

56.     Chicago Police took Defendant Pritzker back to the scene of the incident where he had assaulted and battered Plaintiff with his SUV.

57.     A number of Chicago Police Officers had arrived on the scene.

58.     The Chicago Police Defendants began to question witnesses about what

8

happened. Plaintiff and the other witnesses reported that Plaintiff had been the victim of a hit and run.

59.    The Chicago Police Defendants attempted to cover up the evidence against Pritzker and intimidate witnesses to change their statements in an effort to protect Defendant Pritzker due to his political connections and family influence.

60.    The Chicago Police Defendants also tried to get Plaintiff to change his statement about what really happened.

61.    The Chicago Police Defendants altered reports about the incident.

62.    One or more of the Chicago Police Defendants stated that Plaintiff "deserved what he got."

63.    Plaintiff was placed in the back of the squad car and was not free to leave.

64.    Plaintiff suffered severe emotional distress from the false arrest and cover up in an effort to conceal Defendant Pritzer's conduct and assault and battery of Plaintiff.

65.    Defendant Prtizker received only a traffic ticket. No criminal charges were or have been filed against Pritzker, despite his assault and battery of Plaintiff with his vehicle.

66.    Defendants caused Plaintiff to be arrested without just cause or provocation and in violation of his rights under the United States Constitution and under Illinois law.

67.    Defendants fabricated evidence to cover up the assault and battery of

Plaintiff by Defendant Pritzker.

68.     Defendants City of Chicago, Hillman (Star #4216), McDonald (Star #1234), Joyce (Star #1993), Sydel (Star #12148), McLaughlin (Star #2537), Webb (Star #20850), Suzas, Keehan, Brandstetter, Kelly, McCarthy, and John and Jane Doe Officers and Supervisors failed to conduct an adequate investigation in an effort to protect Defendant Pritzker because of his political connections and family influence.

69.     Defendants City of Chicago, Hillman (Star #4216), McDonald (Star #1234), Joyce (Star #1993), Sydel (Star #12148), McLaughlin (Star #2537), Webb (Star #20850), Suzas, Keehan, Brandstetter, Kelly, McCarthy, and John and Jane Doe Officers and Supervisors attempted to coerce witnesses and intimidated witnesses to try to change their statements in order to cover up the assault and battery of Plaintiff by Defendant Pritzker and to protect Defendant Pritzker.

70.     The City of Chicago and Chicago Police Department have a pervasive and unconstitutional custom, practice, and policy of protecting people who are politically connected and influential by condoning the actions of officers who turn a blind eye to crimes committed by people who are politically connected and influential , and failing to investigate, discipline or otherwise hold accountable its police officers for covering up evidence, and in doing so, Defendant City of Chicago condones and perpetuates such conduct by its officers.

71.     As a result of Defendants' conduct, Plaintiff suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering,

10

inconvenience, future pecuniary losses, and other consequential damages

## COUNT I

### (42 U.S.C. § 1983 – False Arrest/Unlawful Detention

### v. All Chicago Police Defendants)

72.     As to all Chicago Police Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

73.     As described herein, *supra*, Defendants falsely arrested, or caused Plaintiff to be falsely arrested and unlawfully detained without probable cause.

74.     The misconduct described in this Count was undertaken by Defendants with malice, willfulness, and reckless indifference to the Plaintiff's rights.

75.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department, in the manner described in the preceding paragraphs.

76.     The City of Chicago has a de facto policy, practice and/or custom of concealing and/or suppressing officer misconduct. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against politically connected individuals; failure to promptly record witness statements or preserve evidence; and fabrication of exculpatory evidence or destruction of evidence.

77.     The actions of Defendants against Plaintiff have caused Plaintiff great

mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.    Compensatory and other lawful damages in an amount to be determined at trial to compensate Plaintiff for the physical injuries and emotional distress and other damages caused by Defendants' conduct;

B.    Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C.    Punitive damages as allowed by law, as against Defendants in their individual capacity;

D.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

E.    Such other relief as the Court may deem just or equitable.

## COUNT II

### (42 U.S.C. § 1983 – First Amendment

### v. All Chicago Police Defendants)

78.    As to all Chicago Police Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

79.    As described herein, *supra*, Defendants falsely arrested or caused Plaintiff to be falsely arrested and unlawfully detained without probable cause and because Pritzker's political clout and affiliation in violation of Plaintiff's First Amendment rights.

80.    The misconduct described in this Count was undertaken by Defendants with malice, willfulness, and reckless indifference to Plaintiff's rights under the First

Amendment to the United States Constitution.

81.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department, in the manner described in the preceding paragraphs.

82.    The City of Chicago has a _de facto_ policy, practice and/or custom of concealing and/or suppressing officer misconduct. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against politically connected individuals; failure to promptly record witness statements or preserve evidence; and fabrication of exculpatory evidence or destruction of evidence.

83.    The actions of Defendants against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.    Compensatory and other lawful damages in an amount to be determined at trial to compensate Plaintiff for the physical injuries and emotional distress and other damages, caused by Defendants' conduct;

B.    Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C.    Punitive damages as allowed by law, as against Defendants in their individual capacity;

D.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

E.    Such other relief as the Court may deem just or equitable.

13

## COUNT III

### (42 U.S.C. §§ 1983, 1985(3) – Conspiracy

### v. All Defendants)

84.     As to all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

85.     As described herein, *supra*, Defendants City of Chicago, Hillman (Star #4216), McDonald (Star #1234), Joyce (Star #1993), Sydel (Star #12148), McLaughlin (Star #2537), Webb (Star #20850), Suzas, Keehan, Brandstetter, Kelly, McCarthy, and John and Jane Doe Officers and Supervisors agreed to protect Defendant Pritzker from being charged with criminal charges for assault and battery upon Plaintiff.

86.     It was the City's widespread custom and policy that was the moving force behind Defendants' actions, described above, to not conduct a legitimate investigation, thus constituting the tacit agreement.

87.     The above acts or omissions of the City violated Plaintiff's rights under the First and Fourteenth Amendment to the United States Constitution.

88.     On July 16, 2009, Defendant Pritzker agreed with the Chicago Police Defendants to deprive Plaintiff of his rights. Defendant Pritzker was a willful participant with the Chicago Police Defendants in the effort to deprive Plaintiff of his rights in order to protect himself and cover up his crimes.

89.     Defendants conspired with Defendant Pritzker and with one another as

14

set forth herein to violate Plaintiff's civil and Constitutional rights.

90.     Defendants acted in concert to violate Plaintiff's Constitutional rights, and thereby formed a conspiracy to deprive Plaintiff of his Constitutional rights.

91.     Defendants conspired to deprive Plaintiff of his right to be free from false arrest and to be free from violations of his First Amendment rights.

92.     The actions of Defendants against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully request:

A.      Compensatory and other lawful damages in an amount to be determined at trial to compensate Plaintiff for the physical injuries and emotional distress and other damages, caused by Defendants' conduct;

B.      Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C.      Punitive damages as allowed by law, as against Defendants in their individual capacity and Defendant Pritzker;

D.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

E.      Such other relief as the Court may deem just or equitable.

## STATE LAW SUPPLEMENTAL CLAIMS

### COUNT IV

**(False Arrest/False Imprisonment/Unlawful Detention**

**v. All Defendants)**

93.     As to all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

94.     Plaintiff was arrested and detained despite Defendants' knowledge that there was no lawful justification for doing so.

95.     Defendant Pritzker was the sole source of information provided to procure Plaintiff's arrest as all of the witnesses at the scene informed the police that Plaintiff was the victim of the incident.

96.     In the manner described herein, *supra*, Defendants unreasonably restrained Plaintiff's liberty by detaining him.

97.     As a result of this misconduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress and anguish.

98.     The misconduct set forth herein, *supra*, was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully request:

A.     Compensatory damages;

B.     Punitive damages as allowed by law against the individual Defendants in their individual capacity only;

16

C.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

D.      Such other relief as the Court may deem just or equitable.

## COUNT V

**(Assault and Battery**

**v. Defendant Pritzker)**

99.      As against Defendant Pritzker, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

100.      Defendant Pritzker without cause or provocation assaulted and battered Plaintiff by hitting Plaintiff with his SUV vehicle.

101.      Defendant Pritzker caused Plaintiff Ibarra to be placed in well-founded fear of his safety and well-being.

102.      Defendant Pritzker intentionally and unlawfully threatened and caused Plaintiff injury by force, which under the circumstances created in Plaintiff a well-founded fear of imminent peril.

103.      Defendant Pritzker had the apparent present ability to effectuate and complete the injury so offered and threatened.

104.      At all relevant times to this action, Defendant Pritzker knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff.

105.      Defendant's actions as alleged herein were willful and intentional and were taken with wanton disregard of Plaintiff's well-being.

106.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered physical and emotional damages and suffered damage to his bicycle.

**WHEREFORE**, Plaintiff respectfully requests:

A.    Compensatory and other damages;

B.    Punitive damages as allowed by law;

C.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

D.    Such other relief as the Court may deem just or equitable.

## COUNT VI

**(Intentional Infliction of Emotional Distress**

**v. All Defendants)**

107.    As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

108.    The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff Ibarra.

109.    As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

110.    Defendants acted willfully and maliciously with respect to his treatment of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests:

A.      Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

B.      Compensatory damages;

C.      Punitive damages as allowed by law;

D.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

E.      Such other relief as the Court may deem just or equitable.

## COUNT VII

### (In the alternative, Negligence

### v. Defendant Pritzker)

111.    As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

112.    Defendant Pritzker had a duty of care to Plaintiff to drive safely.

113.    Defendant Pritzker breached that duty.

114.    As a proximate result of Defendant's breach, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests:

A.      Economic losses Plaintiff sustained and will sustain as a result of the Defendant's negligence;

B.      Compensatory damages;

C.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

D.      Such other relief as the Court may deem just or equitable.

## COUNT VIII

### (Willful or Wanton Misconduct

### v. Defendant Pritzker)

115.    As against Defendant Pritzker, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

116.    Defendant Pritzker failed to exercise ordinary care to prevent injury to Plaintiff after Plaintiff made him aware that he was coming dangerously close to hitting him.

117.    Defendant acted with utter indifference to or conscious disregard for the safety of Plaintiff Ibarra when he tried to force Plaintiff off the road, attempted to run over Plaintiff on his bicycle, and then fled the scene.

118.    In Illinois, a motorist has a statutory duty to remain at the scene of an accident in which he is involved. (*See* Ill.Rev.Stat.1981, ch. 95 1/2, par. 11-401(a).)

119.    Defendant Pritzker leaving the scene of the accident is evidence of willful and wanton conduct.

120.    Defendant's violation of this duty resulted in personal liability for the aggravation of injuries sustained by Plaintiff and the additional injuries and emotional distress that occurred as a result of the accident and Defendant leaving the scene.

121.    As a proximate result of Defendant's unlawful acts and willful and wanton conduct, and as a result of Defendant's assault and battery on Plaintiff and leaving the scene of the accident, Plaintiff has suffered severe mental anxiety and

emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests:

A.    Economic losses Plaintiff sustained and will sustain as a result of Defendant's conduct, including prejudgment interest on such amounts;

B.    Compensatory damages;

C.    Punitive damages as allowed by law;

D.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

E.    Such other relief as the Court may deem just or equitable.

## COUNT IX

## (Indemnification

## v. Defendant City of Chicago)

122.    As against Defendant City of Chicago, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

123.    Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

124.    Defendants City of Chicago, Hillman (Star #4216), McDonald (Star #1234), Joyce (Star #1993), Sydel (Star #12148), McLaughlin (Star #2537), Webb (Star #20850), Suzas, Keehan, Brandstetter, Kelly, McCarthy, and John and Jane Doe Officers and Supervisors are employees of the City of Chicago and acted within the scope of their employment in committing the misconduct described herein, *supra*.

**WHEREFORE**, Plaintiff respectfully request:

A.      Compensatory damages;

B.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

C.      Such other relief as the Court may deem just or equitable.

Respectfully submitted,

JOHN IBARRA

*s/Dana L. Kurtz*

_____

Attorneys for Plaintiff

*Electronically filed on December 28, 2011*

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois  60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail: dkurtz@kurtzlaw.us

James M. Freeman, Esq.
LAW OFFICES OF JAMES M. FREEMAN
120 S. State Street, Suite 200
Chicago, Illinois  60603
E-mail:  jim@lawyerjimfreeman.com

Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street, Suite 400
Chicago, Illinois  60603
Phone: 312.236.9825
Facsimile: 312.236.9826
E-mail:  pluka@amatorelaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys as indicated below and by electronic service via the Court's ECF System on this 28th day of December 2011.

James R. Carroll            jcarroll@muchshelist.com

Edward David Shapiro        eshapiro@muchshelist.com

Graham P. Miller            gmiller@borkanscahill.com

Steven Blair Borkan         sborkan@borkanscahill.com

Timothy P Scahill           tscahill@borkanscahill.com

Barrett Rubens              brubens@borkanscahill.com

Jeremiah Connolly           jconnolly@bollingertrials.com

*s/Dana L. Kurtz*

_____

*Electronically filed on December 28, 2011*